**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHRISTOPHER ANZALONE,
an individual,                                                            Case No.:

      Plaintiff,
v.

EDFINANCIAL SERVICES, LLC,
a foreign limited liability company,

      Defendant.
_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, CHRISTOPHER ANZALONE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, EDFINANCIAL SERVICES, LLC (hereinafter, "Defendant").  In support thereof, Plaintiff states:

**INTRODUCTION AND PRELIMINARY STATEMENT**

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2.    Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

1

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Sarasota County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Sarasota County, Florida.

5. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Nevada that, itself and through its subsidiaries, regularly services and collects student loan debts allegedly owed by residents in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8. At all material times herein, Defendant attempts to collect a debt, specifically a balance allegedly due on student loans taken out by Plaintiff pursuant to his enrollment in classes at ITT Educational Services, Inc. (hereinafter, "ITT") and referenced by Defendant's account number ending in -2606 (hereinafter, the "Debt").

9. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

10. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 941.XXX.4120 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 941.XXX.4120.

16. Plaintiff revoked any purported consent to call his Cellular Telephone when he sent Defendant the Revocation Email, as defined below, and requested Defendant cease calling his Cellular Telephone.

17. Additionally, if Defendant contends it made the below-referenced phone calls for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's cellular phone using an ATDS, a PTDS, or an APV.

18. On or about August 26, 2015, the Department of Education disbursed funds related

to Plaintiff's student loans, i.e. the Debt, to ITT.

19. When the Department of Education disbursed Plaintiff's student loans to ITT, it assigned the Debt to Defendant for servicing, collection, or both.

20. Plaintiff did not receive any of the funds from the student loans disbursed to pay for the ITT Courses.

21. On or about September 2, 2015, ITT sent Plaintiff a letter advising him that $3,134.00 in student loans, i.e. the Debt, were disbursed to ITT to pay for the ITT Courses. Please see attached a true and correct copy of said letter labeled as Exhibit "A."

22. Plaintiff subsequently discovered the Electrical Engineering Course in which he enrolled was irrelevant to his profession and called ITT.

23. During the immediately-aforementioned call, Plaintiff advised ITT's employee or representative "Eric Brabb" that he did not wish to continue with the Electrical Engineering Course, that he only registered for the ITT Courses because of ITT's employee or representative Belinda Davis' assurances that the Electrical Engineering Course was relevant to his profession, and he requested a full refund of all costs incurred as a result of registering for the ITT Courses, i.e. the Debt.

24. During the same phone call, Mr. Brabb advised Plaintiff that Belinda Davis no longer worked for ITT, confirmed that Plaintiff's initial conversation with ITT's first recruiter was correct that ITT did not offer any online courses relevant to Plaintiff's profession, and advised Plaintiff he would submit a request for a full refund of the Debt to the proper individuals at ITT on Plaintiff's behalf.

25. On or about November 2, 2015, Mr. Brabb submitted the aforementioned refund request.

26. Upon information and belief, ITT approved the refund of the portion of the Debt incurred to pay for the Electrical Engineering Course but failed to approve a refund for the remainder of the Debt (i.e., a completed prerequisite math course).

27. On or about November 11, 2015, ITT sent Plaintiff a letter advising him ITT refunded $3,134.00 of the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "B."

28. On or about May 18, 2016, Defendant sent Plaintiff a billing statement in an attempt to collect the Debt despite Plaintiff owing $0.00. Please see attached a true and correct copy of said billing statement labeled as Exhibit "D."

29. On or about June 17, 2016, Defendant sent Plaintiff a billing statement in an attempt to collect the Debt despite Plaintiff owing $0.00. Please see attached a true and correct copy of said billing statement labeled as Exhibit "E."

30. On or about June 21, 2016, Defendant sent Plaintiff a collection letter in an attempt to collect the Debt despite Plaintiff owing $0.00. Please see attached a true and correct copy of said collection letter labeled as Exhibit "F."

31. On or about July 5, 2016, ITT sent Plaintiff a letter advising Plaintiff Defendant notified ITT of Plaintiff's failure to pay the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "G."

32. Upon information and belief, at all material times herein, ITT made calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt on Defendant's behalf—and with Defendant's consent, knowledge, and approval.

33. Prior to July 15, 2016, despite possessing knowledge of Plaintiff's dispute of the Debt's legitimacy, Defendant began making calls to Plaintiff's Cellular Telephone using an ATDS,

a PTDS, or an APV in an attempt to collect the Debt.

34. On or about July 13, 2016, at approximately 11:39 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

35. On or about July 15, 2016, Plaintiff sent Defendant an e-mail requesting Defendant cease calling his Cellular Telephone in Defendant's attempt to collect the Debt and instead contact him via U.S. Mail (herein, "Revocation E-mail").

36. On or about July 18, 2016, Defendant responded to Plaintiff's Revocation E-mail advising Plaintiff that Defendant would not honor Plaintiff's request for Defendant to cease calling his Cellular Telephone and that Plaintiff did not have the right to request Defendant cease calling him. Please see attached a true and correct copy of Plaintiff's Revocation E-mail and Defendant's response labeled as Exhibit "H."

37. ITT made the below-referenced calls to Plaintiff's Cellular Telephone, on behalf of Defendant, from telephone number 317.324.5677 unless otherwise specified.

38. Plaintiff answered at least one of ITT's calls within the first two weeks of ITT calling Plaintiff in an attempt to collect the Debt, reiterated Plaintiff's dispute of the Debt, again revoked any prior express consent ITT or Defendant believed they may have possessed to call Plaintiff's Cellular Telephone with an ATDS, a PTDS, or an APV and demanded ITT and Defendant cease calling his Cellular Telephone.

39. On or about July 18, 2016, at approximately 12:40 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

40. On or about July 18, 2016, at approximately 7:09 p.m. ET, ITT called Plaintiff's

Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

41. On or about July 19, 2016, at approximately 9:18 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

42. On or about July 19, 2016, at approximately 3:53 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

43. On or about July 19, 2016, at approximately 6:22 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

44. On or about July 20, 2016, at approximately 2:40 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

45. On or about July 21, 2016, at approximately 1:12 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

46. On or about July 21, 2016, at approximately 3:43 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

47. On or about July 22, 2016, at approximately 8:51 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV two (2) times in an attempt to collect the Debt on behalf of Defendant.

48. On or about July 25, 2016, at approximately 11:24 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

49. On or about July 26, 2016, at approximately 10:06 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

50. On or about July 27, 2016, at approximately 2:02 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

51. ITT made the immediately-aforementioned call from telephone number 877.910.2010.

52. On or about July 28, 2016, at approximately 9:57 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

53. On or about July 28, 2016, at approximately 2:16 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

54. On or about July 29, 2016, at approximately 10:13 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

55. On or about July 29, 2016, at approximately 12:30 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

56. On or about August 1, 2016, at approximately 10:09 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

57. ITT made the immediately-aforementioned call from telephone number 317.324.5693.

58. On or about August 1, 2016, at approximately 2:55 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

59. On or about August 2, 2016, at approximately 1:52 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

60. ITT made the immediately-aforementioned call from telephone number 317.324.5666.

61. On or about August 3, 2016, at approximately 10:32 a.m. ET, ITT called Plaintiff's Cellular Telephone two (2) times using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

62. ITT made the immediately-aforementioned call from telephone number 317.324.5666.

63. On or about August 5, 2016, at approximately 1:40 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

64. ITT made the immediately-aforementioned call from telephone number 317.324.5682.

65. On or about August 8, 2016, at approximately 9:48 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

66. ITT made the immediately-aforementioned call from telephone number 317.324.5693.

67. On or about August 9, 2016, Defendant sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "I."

68. On or about August 9, 2016, at approximately 9:34 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

69. On or about August 10, 2016, at approximately 8:24 p.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

70. ITT made the immediately-aforementioned call from telephone number 317.324.5666.

71. On or about August 12, 2016, at approximately 8:57 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

72. On or about August 12, 2016, at approximately 1:10 p.m. ET, ITT called Plaintiff's Cellular Telephone two (2) times using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

73. On or about August 13, 2016, Plaintiff retained Leavengood, Dauval, Boyle &

Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with respect to his debts generally, including the Debt.

74. On or about August 15, 2016, at approximately 10:04 a.m. ET, ITT called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

75. ITT made the immediately-aforementioned call from telephone number 317.324.5677.

76. On or about August 23, 2016, Undersigned Counsel sent Defendant a certified letter advising Defendant of Undersigned Counsel's representation of Plaintiff with respect to the Debt, advising Defendant of Undersigned Counsel's contact information, and demanding all direct communication with Plaintiff cease and instead be directed to Undersigned Counsel's office (hereinafter, "Notice of Representation"). Please see attached a true and correct copy of the Notice of Representation and certified mail receipt labeled as Exhibit "J."

77. Defendant received the Notice of Representation.

78. On or about September 14, 2016, at approximately 4:30 p.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

79. During the immediately-aforementioned call, Plaintiff again advised Defendant of Undersigned Counsel's representation of Plaintiff with respect to the debt, advised Defendant of Undersigned Counsel's contact information, and demanded that Defendant cease all direct communication with Plaintiff and should instead direct all communication to Undersigned Counsel's office.

80. On or about October 17, 2016, at approximately 2:18 p.m. ET, Defendant called

Plaintiff's Cellular Telephone, and left him a voicemail message using an ATDS, a PTDS, or an APV in an attempt to collect the Debt on behalf of Defendant.

81. On or about November 7, 2016, Defendant sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "K."

82. On or about November 11, 2016, Defendant sent Plaintiff a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "L."

83. On or about November 14, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

84. Defendant made the immediately-aforementioned call from telephone number 865.342.5500 and left a voicemail on Plaintiff's Cellular Telephone requesting that Plaintiff return the call.

85. On or about November 21, 2016, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

86. Defendant made the immediately-aforementioned call from telephone number 865.342.5500 and left a voicemail on Plaintiff's Cellular Telephone requesting that Plaintiff return the call.

87. Upon information and belief, Defendant also routinely called Plaintiff's Cellular Telephone between July 2016 and November 2016 from a blocked or unavailable telephone number using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

88. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

89. Due to both professional and personal commitments, due to Defendant's use of a blocked or unavailable telephone number, and due to continued and increasing stress associated with the barrage of Debt collection calls, Plaintiffs were unable to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls he is aware of—including Defendant's calls from a blocked or unavailable telephone number—and that each caused stress, anxiety, and inability to use his Cellular Telephone when ITT or Defendant made such calls, all made in violation of the FCCPA and TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff either directly by Defendant or on Defendant's behalf.

90. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that Plaintiff's dispute of the Debt was wholly ineffective, that Plaintiff's invoking his consumer rights by obtaining legal representation and his repeated demands that Defendant cease calling his Cellular Telephone were wholly ineffective, and that the frequent, repeated Debt collection attempts would simply have to be endured.

91. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

92. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

93. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the

damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

94. As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt. Likewise, Defendant has not obtained a final judgment with respect to the Debt.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>

Plaintiff re-alleges paragraphs one (1) through ninety-four (94) as if fully restated herein and further states as follows:

95. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

96. Specifically, despite Plaintiff's cease and desist demands, ITT continued to call Plaintiff's Cellular Telephone *at least* thirty (30) times in attempts to collect the Debt on Defendant's behalf.

97. Furthermore, despite Plaintiff owing $0.00, Defendant sent *at least* three (3) billing statements, three (3) collection letters, and called Plaintiff's Cellular Telephone *at least* five (5) times in Defendant's direct attempts to collect the Debt.

98. Defendant's actions—and ITT's actions on Defendant's behalf—were taken in an attempt to abuse and harass Plaintiff into believing that despite Plaintiff's repeated disputes of the Debt and despite Plaintiff invoking his consumer rights to obtain legal representation and demanding Defendant and ITT cease calling his Cellular Telephone, Defendant—and ITT on its behalf—could and would continue the collection activity despite Plaintiff owing $0.00.

99. Defendant's willful and flagrant violations of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitute unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

100. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:
UNLAWFUL DEBT COLLECTION PRACTICE –
<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Plaintiff re-alleges paragraphs one (1) through ninety-four (94) as if fully restated herein and further states as follows:

101. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate and by asserting the existence of some legal right when Defendant knows that the right does not exist.

102. Specifically, despite Plaintiff's attempt to exercise his consumer rights under the TCPA to demand Defendant cease calling his Cellular Telephone and Defendant possessing accurate contact information to reach Plaintiff by mail, Defendant falsely asserted it possessed the right to continue to make calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt when it advised Plaintiff that the Master Promissory Note Plaintiff signed superseded Plaintiff's consumer rights under the TCPA.  *See* Ex. "H."

103. Furthermore, despite Plaintiff owing $0.00, Defendant continued attempting to collect the Debt from Plaintiff.

104. As such, Defendant's conduct violated Florida Statutes, Section 559.72(9).

105. As a direct and proximate result of Defendant' actions, Plaintiff sustained damages

as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through ninety-four (94) as if fully restated herein and further states as follows:

106. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after receiving notice that Plaintiff was represented by legal counsel with respect to the underlying Debt.

107. Specifically, despite receiving notice of Undersigned Counsel's representation of Plaintiff with respect to the Debt from both Plaintiff's repeated advisements to Defendant and the Notice of Representation, Defendant made *at least* four (4) calls directly to Plaintiff in an attempt to collect the Debt.

108. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through ninety-four (94) as if fully restated herein and further states as follows:

109. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

110. ITT, despite not possessing Plaintiff's prior express consent *and* Plaintiff answering

one of ITT's calls and explicitly revoking consent for ITT to call his Cellular Telephone, made *at least* thirty (30) calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt from Plaintiff—on Defendant's behalf, and with Defendant's consent, knowledge, and approval.

111. Additionally, Defendant made *at least* four (4) calls directly to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt after receiving Plaintiff's Revocation E-mail and the Notice of Representation that each revoked any purported consent Defendant possessed to call Plaintiff's Cellular Telephone using automated dialing equipment.

112. The phone calls made to Plaintiff's Cellular Telephone complained of herein are the result of a repeated willful and knowing violations of the TCPA, and the TCPA provides for on-behalf-of liability for the calls made to Plaintiff by ITT on behalf of Defendant.

113. As a direct and proximate result of ITT's and Defendant's conduct, Plaintiff suffered:

    a.    The periodic loss of his cellular phone service;

    b.    Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract; and

    c.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests entry of:

    a.    Judgment against Defendant declaring that Defendant violated the FCCPA;

      b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      c.      Judgment against Defendant declaring that Defendant violated the TCPA;

      d.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of ITT's telephone calls made on Defendant's behalf and Defendant's own telephone calls that violated the TCPA;

      e.      Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which ITT and/or Defendant acted knowingly and/or willfully;

      f.      Actual damages in an amount to be determined at trial;

      g.      An award of attorneys' fees and costs; and

      h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence─paper, electronic documents, or data─pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703

        Phone: (727) 327-3328
        Fax: (727) 327-3305
        consumerservice@leavenlaw.com
        aswift@leavenlaw.com
        glercher@leavenlaw.com
        sweiss@leavenlaw.com
        *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF Sarasota )

Plaintiff Christopher Anzalone, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Christopher Anzalone

Subscribed and sworn to before me
this 21 day of November 2016.

Crystal Zink
_____
Notary Public

My Commission Expires: 3/6/2018    Proof of I.D.: FL DL A524-110-77-121-0



CRYSTAL ZINK
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF099266
Expires 3/6/2018